**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 03-342-C**

**SWAGELOK COMPANY,**                                                         **PLAINTIFF,**

**V.**            **MEMORANDUM OPINION AND ORDER**

**EVANSVILLE VALVE & FITTING CO.,**
**d.b.a. LOUISVILLE VALVE &**
**FITTING CO., et al.,**                                            **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court for a determination of the choice-of-law issue. The parties do not dispute that the issues raised in Swagelok's complaint[1] and EVFC's counterclaims are governed by Kentucky law. EVFC answered and counterclaimed to Swagelok's complaint after it had been transferred to Kentucky. The day after responding to Swagelok's complaint, EVFC filed its own complaint in Indiana federal court alleging violations of Indiana franchise statutes. EVFC's complaint was transferred to the Western District of Kentucky to be consolidated with Swagelok's case. Swagelok's case, however, has been remanded to Ohio state court because this court lacks jurisdiction.

The parties disagree over what law applies to the remaining claims before the court. EVFC maintains that the claims contained in its complaint are governed by Indiana law. Swagelok, however, contends that EVFC's claims are governed by

---

[1] Swagelok's complaint was filed in Ohio state court, removed to a federal district court in Ohio, and transferred to the Western District of Kentucky.

Kentucky law, in which case the claims fail as a matter of law. When a case is transferred to a different federal district court, the district court hearing the case applies the choice of law rules of the transferor state — here, Indiana. *Van Dusen v. Barrack*, 376 U.S. 612, 637-39 (1964).

Indiana follows the "most intimate contacts" approach to choice-of-law problems in contract disputes. *Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 132 (7th Cir. 1990). In deciding which state's law should apply, the court looks at "(1) the place of contracting; (2) where the contract was negotiated; (3) where performance occurred; (4) where the subject matter of the contract is located, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Bedle v. Kowars*, 796 N.E.2d 300, 302 (Ct. App. Ind. 2003).

Indiana courts recognize the parties' right to contractually agree to the application of a particular state's laws. *Wright-Moore*, 908 F.2d at 132. An Indiana court may decline to honor a contract's choice-of-law provision, however, where (1) application of the parties' chosen state's law would violate an express public policy in Indiana and (2) Indiana has a "materially greater interest in the litigation than the contractually chosen state." *Id*. at 132-33.

Indiana's public policy which is implicated here is its franchise law. The parties disagree whether EVFC paid a franchise fee. If it did not, then its Indiana franchise law claims fail regardless of which state's law controls. Because of the importance of providing parties with a judicial forum for their legal claims, the court will assume

2

the 40% ownership interest that Swagelok retained in EVFC at the time the distributorship commenced was a franchise fee and that the parties were in a franchise relationship. Therefore, Indiana's strong public policy against waiving franchise law protections is implicated.

Indiana's express public policy against waiver of the protections afforded to franchisees under Indiana statutes embraces indirect waiver through contractual choice-of-law provisions. *Id*. at 132. Thus, in *Wright-Moore*, despite the parties' contractual stipulation to New York law, the court applied Indiana franchise law where the dispute involved a potential franchisee incorporated and located in Indiana, the witnesses and documents relevant to the action were located in Indiana, the contract was negotiated and partially performed in Indiana, and the only connection to New York was that the potential franchisor was incorporated there. *Id*. at 133. The parties here did not incorporate a choice-of-law provision into their contract favoring Kentucky, but if one were included, the intent of Indiana would have to yield to that of Kentucky, which has the materially greater interest in the litigation even in the face of Indiana's franchise law.

Under Indiana's usual choice-of-law rules, Kentucky law would govern any claims arising out of the Swagelok - EVFC distribution agreement. The contract was negotiated and signed in Kentucky and was performed primarily in Kentucky.[2] The subject matter of the contract -- the distributorship -- was located primarily in Kentucky

---

[2] The distributorship agreement covered more than 90 counties in Kentucky versus only 12 in Indiana.

3

because EVFC's office was located in Paducah and the majority of its business was transacted here. EVFC's sole shareholder is a Kentucky resident.

Indiana is only loosely connected to the dispute. The most significant contact is made by virtue of EVFC's incorporation in Indiana. This is countered, however, by the fact that its primary place of business is in Kentucky. EVFC purchased some of its Swagelok inventory from Indiana, and its distributorship covered 12 counties in Indiana. Furthermore, the parties agree that Kentucky law governs all other claims arising out of the alleged breaches of contract,[3] and it would be inconsistent to construe and apply one contract under two sets of laws.

The relationship of this dispute to Indiana is weaker than in *Wright-Moore*. Although EVFC is incorporated in Indiana, it operates primarily in Kentucky. The necessary witnesses and evidence are located in Kentucky. The contract was negotiated, entered, and primarily performed in Kentucky. Under these circumstances, despite the public policy against waiving franchise protections provided by Indiana law, Indiana's interest in the litigation is insufficient to override its traditional choice of law rules. Indiana does not have the materially greater interest; the most intimate contacts belong to Kentucky. Therefore, the claims asserted in EVFC's complaint are governed by Kentucky law. Accordingly,

**IT IS ORDERED** that this matter is **DISMISSED**, as the parties concede that dismissal is required if the court decides that Kentucky law governs. Judgment will

---

[3] The interest in consistent adjudication of related claims applies regardless of the fact that the other case arising out of this contract has been remanded to Ohio state court.

be entered by separate order.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot, and that the trial of this matter is **CANCELLED**.

Signed on  July 20, 2005

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**